**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 210219-U

Order filed November 17, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| *In re* B.J., | ) | Appeal from the Circuit Court |
| | ) | of the 9th Judicial Circuit, |
| a Minor | ) | Fulton County, Illinois. |
| | ) | |
| (The People of the State of Illinois, | ) | |
| | ) | |
| Petitioner-Appellee, | ) | Appeal No. 3-21-0219 |
| | ) | Circuit No. 20-JA-62 |
| v. | ) | |
| | ) | |
| Trevor J., | ) | Honorable |
| | ) | Andrew J. Doyle, |
| Respondent-Appellant). | ) | Judge, Presiding. |

_____

JUSTICE PETERSON delivered the judgment of the court.
Justices Hauptman and Hettel concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*: The trial court did not err when it determined that a second adjudicatory hearing was unnecessary given that the court had already adjudicated the minor neglected at the first adjudicatory hearing.

¶ 2    Respondent, Trevor J., appeals the trial court's decision not to hold a second adjudicatory hearing to determine whether respondent's minor child was neglected. He argues that his due process rights were violated when the trial court found that the minor's mother's admission at the

prior adjudication hearing and the resulting adjudication of neglect rendered the second hearing unnecessary. We affirm.

¶ 3                                          I. BACKGROUND

¶ 4         B.J. was born on March 4, 2020. On September 22, 2020, the State filed a neglect petition alleging injurious environment where substance abuse had not been adequately addressed against respondent (count I) and B.J.'s mother (count II). On October 8, 2020, B.J.'s mother denied the allegations of the petition and the matter was continued to October 22, 2020, for respondent to admit or deny the allegations. An adjudication hearing was set for November 5, 2020. On October 22, 2020, respondent denied the allegations and the adjudication hearing on count I was set for December 17, 2020. On November 5, 2020, the Honorable Niegel D. Graham accepted B.J.'s mother's stipulation and admission to her substance abuse. The trial court found the minor was neglected and set a date for her dispositional hearing. Respondent did not attend the adjudicatory hearing.

¶ 5         On December 22, 2020, the State amended the petition to add count III, which alleged that respondent did not have a suitable or stable residence and count IV, which alleged respondent engaged in acts of domestic violence. Respondent denied the allegations. On February 18, 2021, an adjudicatory hearing commenced before the Honorable Andrew J. Doyle. Following the testimony of two witnesses, a recess was taken. Upon return, the trial court explained it had reviewed the court file because the judge had not handled the prior proceedings. The trial court found that respondent's adjudicatory hearing was an error. The trial court stated that mother's admission in November of 2020 was sufficient to find the minor neglected and terminated the hearing. Neither respondent nor respondent's attorney, nor the State objected to the trial court ending the adjudicatory hearing. The trial court proceeded to set a date for respondent's

2

dispositional hearing. Prior to adjourning, the trial court asked if anyone had any questions and stated "[o]ne last shot at the bite at the apple, anybody?" In a written order entered on March 18, 2021, the trial court stated "[n]o further hearings are necessary to establish neglect of the minor insomuch as the minor was previously found neglected."

¶ 6　　On April 8, 2021, respondent's counsel informed the court respondent wanted a continuance to hire private counsel. Respondent spoke with two attorneys, discussed payment, and would be able to hire an attorney by the next court date. On April 22, 2021, respondent requested more time to hire an attorney, and told the court that he spoke with an attorney who told him that two weeks was insufficient time to take his case and prepare for a hearing. A recess was taken for respondent to speak with respondent's counsel. After the recess, the guardian *ad litem* informed the court he had spoken to the attorney respondent referenced. The attorney indicated he may have received a call from respondent but had not returned the call, and thus, did not speak to respondent. The attorney further indicated that he would not have taken respondent's case as he was planning on retiring. The court denied respondent's motion to continue. Respondent indicated he was going to file an appeal and left the hearing. As respondent's attorney was still present, respondent's dispositional hearing continued. After the hearing, the trial court found respondent to be unfit and unwilling to care for the minor.

¶ 7　　　　　　　　　　　　　　　　II. ANALYSIS

¶ 8　　On appeal, respondent contends his due process rights were violated when the trial court terminated his adjudication hearing and found the minor's mother's admission to the petition was sufficient to adjudicate the minor neglected. The State asserts respondent forfeited this issue by failing to object and raise the issue in a posttrial motion. Despite this, respondent contends that the

3

error is reviewable under the plain error doctrine. Due process violations are a question of law that are reviewed *de novo*. *In re. S.P.*, 2019 IL App (3d) 180476, ¶ 27.

¶ 9 Generally, absent plain error, the failure to object and raise an issue in a written posttrial motion results in forfeiture of the issue on appeal. Ill. S. Ct. R. 615(a) (eff. Aug. 27, 1999). The plain-error doctrine allows a reviewing court to consider unpreserved error if a clear or obvious error occurred and the evidence is closely balanced or where the error affects the respondent's substantial rights. *People v. Piatkowski*, 225 Ill. 2d 551, 564-65 (2007). Respondent avers the trial court's decision to terminate his adjudication hearing was so serious that it affected the fairness of the hearing and challenged the integrity of the judicial process. We disagree.

¶ 10 Respondent argues the trial court erred when it refused to complete a second adjudicatory hearing to determine if the minor was neglected. Upon review, we find it was unnecessary to hold a second adjudicatory hearing given that the court previously adjudicated the minor neglected at the first adjudicatory hearing based on the minor's mother's admissions.

¶ 11 The purpose of an adjudicatory hearing is "to determine whether the allegations of a petition * * * that a minor under 18 years of age is * * * neglected * * * are supported by a preponderance of the evidence." *In re Arthur H.*, 212 Ill. 2d 441, 465 (2004) (citing 705 ILCS 405/1-3(1) (West 2000)). Neglect based on an injurious environment may be found where a parent has breached his or her duty to ensure a safe and nurturing shelter for the minor. *In re N.B.*, 191 Ill. 2d 338, 346 (2000). Critically, the court at the adjudicatory hearing is to "focus solely upon whether the child has been neglected" and not necessarily "who may be responsible for the child's neglect." *In re Arthur H.*, 212 Ill. 2d at 465-66. In other words, the *only* question to be resolved at an adjudicatory hearing is whether or not a child is neglected; not whether either parent is neglectful.

¶ 12 Here, the minor's mother admitted to the allegations of ongoing substance abuse issues at the first adjudicatory hearing. That is all that is required for the court to find the minor neglected and for the cause to advance to a dispositional hearing. As noted above, the focus of the adjudicatory hearing is on whether the *minor* is neglected, not whether respondent is neglectful. Individualized hearings to determine the blame of each parent's conduct is not required. This is true because even if the trial court held a second adjudicatory hearing, the prior adjudication of neglect would remain in force regardless of the outcome of the second hearing.[1] Consequently, we find the trial court was not required to hold a second adjudicatory hearing. Therefore, we hold the trial court did not err.

¶ 13 Respondent claims that refusing to hold a second adjudicatory hearing deprived him of the opportunity to challenge the State's allegations. We note, however, that respondent had the opportunity to attend the first adjudicatory hearing, but he did not. Respondent also makes no argument on appeal that the trial court erred when it found the minor neglected at the first adjudicatory hearing. Additionally, respondent had the opportunity to challenge the State's evidence regarding his acts or omissions at the dispositional hearing. The purpose of a dispositional hearing is for the trial court to determine whether it is consistent with the health, safety, and best interests of the minor and the public that the minor be made a ward of the court. 705 ILCS 405/2-22 (West 2020). At the dispositional hearing, the court also determines what services should be provided to all parties and what will be required of the parents. *Id.* The court considers "[a]ll evidence helpful in determining these questions" at the dispositional hearing. *Id.* Respondent had

---

[1]For example, the State could have withdrawn the counts alleging respondent's conduct at any time. The case would still have necessarily proceeded to the dispositional hearing regarding all parties.

the opportunity to litigate his actions or inactions regarding B.J. at the dispositional hearing. Despite this, respondent left and refused to participate at the dispositional hearing.

¶ 14 In sum, the court did not err in accepting the adjudication of neglect previously entered by the court and declining to conduct a second adjudicatory hearing. Having found no error, there can be no plain error. Finally, we note that respondent does not challenge the trial court's determination that he is unfit in this appeal. Consequently, any challenge to that decision is forfeited. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

¶ 15       III. CONCLUSION

¶ 16 The judgment of the circuit court of Fulton County is affirmed.

¶ 17 Affirmed.